```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

James Thomas,                  :

        Plaintiff,         :   Case No. 2:10-cv-74

  v.                           :   JUDGE SMITH

Gary R. Croft, et al.,         :

        Defendants.        :


## REPORT AND RECOMMENDATION

Plaintiff, James Thomas, a state prisoner, filed this case under 42 U.S.C. §1983 against a number of employees of the Ohio Department of Rehabilitation and Correction. Briefly, his complaint alleges that when, in November, 2009, he attempted to have prison officials recognize his religious accommodation (he is a Seventh-Day Adventist), he was subjected to an unnecessary and unlawful use of force and taken to segregation on the basis of a false conduct report. He has also filed two motions for preliminary injunctive relief. For the following reasons, it will be recommended that these two motions be denied.

### I.  The Motions for Injunctive Relief

Along with his complaint, Mr. Thomas filed a motion for a preliminary injunction. That motion, which is not accompanied by any affidavits or other evidence, claims that some of the defendants have assaulted him and have not followed Ohio prison policies against causing harm to inmates and their property. On February 2, 2010, he filed another motion for both injunctive relief and a protective order, asserting that on January 30, 2010, he was served a pork sausage and was denied a substitute food item.

## II. Legal Standard

The Court is required to weigh four factors in determining whether a party is entitled to a preliminary injunction under Fed. R. Civ. P. 65(a). Those factors are: (1) the likelihood that the party seeking the injunction will succeed on the merits of the claim; (2) the extent to which the party seeking the injunction will be injured unless relief is granted, focusing particularly on the possibility of irreparable injury; (3) whether the injunction, if issued, will cause substantial harm to others; and (4) whether issuance of the injunction is in the public interest. See Washington v. Reno, 35 F.3d 1093 (6th Cir. 1994). No one factor is dispositive. Rather, these four factors must be balanced in determining whether preliminary injunctive relief should issue. In re Delorean Motor Co., 755 F.2d 1223, 1229 (6th Cir. 1985). With these standards in mind, the Court now reviews the facts of record to determine whether preliminary injunctive relief is appropriate.

## III. Analysis

Here, Mr. Thomas' first motion is too vague to allow the Court to grant any relief. It states only that on some unspecified date, some of the defendants - none of whom are specifically named - assaulted Mr. Thomas in some way. It does not allege that this is an ongoing situation, nor is the motion supported by any evidence. The Court simply cannot conclude that Mr. Thomas will be irreparably harmed if this motion is not granted.

His second motion, while more specific, deals with only one incident, the alleged serving of a pork sausage on January 30, 2010, and it is also not supported by an affidavit or other evidence. Even assuming that this event happened just as Mr. Thomas described it, the primary purpose of an injunction is to prevent the occurrence of some harm in the future, or to stop a course of ongoing unlawful conduct. See, e.g., United States v.

Fang, 937 F.Supp. 1186, 1198 (D. Md. 1996) ("Injunctive relief by its very nature is prospective; it looks not to correct past wrongs but to prohibit future wrongs"). Absent any evidence that the defendants in this case have been engaged in an ongoing pattern of retaliatory and unlawful conduct, the Court may not issue an injunction on the basis of a single alleged incident like the one described in the motion. Therefore, it will be recommended that both motions for injunctive relief be denied.

IV. Recommended Disposition

For the reasons set forth above, it is recommended that Mr. Thomas' two motions for injunctive relief (#2 and 12) be denied.

IV. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge