IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


James Thomas,                        :

            Plaintiff,        :   Case No. 2:10-cv-74

    v.                              :   JUDGE SMITH

Gary R. Croft, et al.,          :

            Defendants.       :


OPINION AND ORDER

On March 8, 2010, the Magistrate Judge issued a Report and
Recommendation on plaintiff James Thomas' two motions for
preliminary injunctive relief and denied Mr. Thomas' motions for
adequate copies of his complaint.  Mr. Thomas timely objected to
the recommended disposition of his motions for preliminary
injunction and to the denial of his motions for copies.  The
defendants filed responses in opposition to plaintiff's
objections, and Mr. Thomas replied.  Mr. Thomas also filed a
motion for default judgment against the defendants.  For the
following reasons, the Court will overrule plaintiff's objections
and adopt the Report and Recommendation in its entirety.  In
addition, the Court will deny plaintiff's motions for default
judgment and for reconsideration of the order denying his motions
for copies.

I.   The Report and Recommendation

A. Recommended Disposition of Plaintiff's Motions for Preliminary
Injunctions

The Magistrate Judge found Mr. Thomas' first motion for
preliminary injunction was too vague to allow the Court to grant
any relief.  In that motion, Mr. Thomas stated only that on some
unspecified date, some of the defendants - none of whom were
specifically named in the motion - assaulted Mr. Thomas in some
way.  The motion did not allege that this is an ongoing situation

and was not supported by any evidence.  Under those
circumstances, the Magistrate Judge determined there was no basis
to conclude that Mr. Thomas would be irreparably harmed if this
motion were not granted.

The Magistrate Judge found that Mr. Thomas' second motion,
while more specific, dealt with only one incident, the alleged
serving of a pork sausage on January 30, 2010, and that this
allegation also was not supported by an affidavit or other
evidence.  Even assuming that this event happened just as Mr.
Thomas described it, the primary purpose of an injunction is to
prevent the occurrence of some harm in the future, or to stop a
course of ongoing unlawful conduct.  <u>See, e.g., United States v.
Fang</u>, 937 F.Supp. 1186, 1198 (D. Md. 1996) ("Injunctive relief by
its very nature is prospective; it looks not to correct past
wrongs but to prohibit future wrongs").  Because there was no
evidence that the defendants in this case engaged in an ongoing
pattern of retaliatory and unlawful conduct, the Magistrate Judge
concluded that the Court could not issue an injunction on the
basis of a single alleged incident like the one described in the
motion.

### B. <u>Mr. Thomas' Objections</u>

In his objection, Mr. Thomas denies that his first motion
was vague and claims that he named in his complaint the specific
individuals responsible for assaulting him.  He also argues that
he should not have to take chances that the assaults will be
repeated or that further retaliatory actions will occur.
Moreover, in his view, the four factors to be considered in
deciding a motion for preliminary injunction weigh in his favor.
Mr. Thomas asserts that he is likely to succeed on the merits,
that the public interest favors the protection of his
constitutional rights, that he will suffer irreparable injury if
the injunction is not granted, and that no substantial harm to
others will occur if the motion is granted because the requested
injunction will require only that the defendants abide by the

applicable laws, regulations, and policies for protecting inmates which they must do in any event.

Mr. Thomas also challenges the Magistrate Judge's finding that his second request for injunctive relief is based on a single incident where the defendants served him a pork sausage in violation of his religious tenets. He states that pork was served again for dinner on February 12, 2010, and for lunch/brunch on either March 6, 2010, or March 7, 2010.

### C. Standard of Review

When objections are received to a report and recommendation on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition which has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the District Judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.; see also 28 U.S.C. §636(b)(1).

### D. Analysis

That Mr. Thomas may have identified the parties responsible for the alleged assault in his forty-page complaint does not mean that his first motion for injunctive relief was not vague. The fact remains that the motion itself lacks even the most basic details of the purported incident and is not supported by any evidence. In his two-page motion, Mr. Thomas invokes his rights under the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, states that he is a member of a protected class, and lists the addresses for himself and the defendants. He then accuses the defendants in conclusory fashion of having conspired to assault him and having failed to abide by ODRC policies and the Ohio Administrative Code. The motion does not even describe the injunctive relief Mr. Thomas is seeking, but simply states that he needs the preliminary injunction and/or protective order against the defendants.

Injunctive relief by its very nature is prospective. Mr.

Thomas argues that he should not have to risk being assaulted
again, but there is nothing in the motion, or even the complaint,
which permits the Court to gauge the likelihood of any future
assaults or other retaliatory actions against him.  In the
absence of any evidence that such events are likely to occur, the
issuance of a preliminary injunction is not appropriate based on
the factors the Court is required to consider.  See Washington v.
Reno, 35 F.3d 1093, 1099 (6th Cir. 1994).

    Not surprisingly, Mr. Thomas would weigh these factors
differently.  There is no indication, however, that the
Magistrate Judge improperly applied the standards for granting or
denying a motion for preliminary injunction.  See Victoria's
Secret Stores v. Artco Equip. Co., 194 F.Supp.2d 704, 716 (S.D.
Ohio 2002)(reviewing Magistrate Judge's application of standards
for setting aside entry of default).  Rather, the Report and
Recommendation recites and weighs the proper standards.  Nothing
in the record suggests this Court should reach a different
conclusion with respect to Mr. Thomas' first motion for
preliminary injunction.  Accordingly, his objections will be
overruled.

    In regard to his second motion, the fact that Mr. Thomas may
have been served pork on one or two other occasions hardly
establishes that the defendants are engaged in a pattern of
retaliatory and unlawful conduct.  Absent any evidence supporting
the existence of such a pattern, the issuance of a preliminary
injunction would not be appropriate.  Mr. Thomas' objection to
the recommended disposition of his second request for injunctive
relief will therefore be overruled.

## II. Motions for Adequate Copies

    Mr. Thomas first filed a "Motion for Adequate Copies"
requesting the Court to provide him at government expense with
sufficient copies of the complaint for himself, for the Court,
and for the defendants.  He later filed a second motion asking
for a photocopy of his own complaint.  The Magistrate Judge

denied the motions on the grounds that the in forma pauperis
statute, 28 U.S.C. §1915, does not entitle Mr. Thomas to free
copies.  See Anderson v. Gillis, 236 Fed. Appx. 738, 739 (3d Cir.
2007)(citing Douglas v. Green, 327 F.2d 661 (6th Cir. 1964)).

In his motion for reconsideration, Mr. Thomas states that
his requests for free copies are not based on his status as a
pauper, but on his rights under the Fourteenth Amendment to due
process and the equal protection of the laws.  He further states
that not only does he not have the money or earning capacity to
pay for the copies, but that he would risk his physical safety by
sending any statement of claims out for copying given that the
defendants are located either at the prison or at the Ohio
Department of Rehabilitation and Correction.  According to Mr.
Thomas, these facts grant this Court the authority to order or
direct adequate photocopies.

## A. Standard of Review

In reviewing a Magistrate Judge's ruling on a nondispositive
matter, the District Judge "must consider timely objections and
modify or set aside any part of the order that is clearly
erroneous or contrary to law."  Fed.R.Civ.P. 72(a); see also 28
U.S.C. §636(b)(1)(A).  Under the "clearly erroneous" standard,
the District Judge must affirm the Magistrate Judge's order
unless it has a definite and firm conviction that a mistake has
occurred.  In re Search Warrants Issued Aug. 29, 1994, 889
F.Supp. 296, 298 (S.D. Ohio 1995).  A District Judge's review
under the "contrary to law" standard is plenary, and the court
may set aside any legal conclusions that "contradict or ignore
applicable precepts of law, as found in the Constitution,
statutes, or case precedent."  Gandee v. Glaser, 785 F.Supp. 684,
686 (S.D. Ohio 1992).

## B. Discussion

Under the Fourteenth Amendment, a state may not "deprive any
person of life, liberty, property without due process of law; nor
deny to any person within its jurisdiction the equal protection

-5-

of the laws." U.S. Const. amend. XIV, §1.  It should be noted
that Mr. Thomas' motions for adequate copies were not directed at
the defendants.  Rather, he asked the Court to provide him with
copies of his statement of claims against the defendants with the
cost to be borne by the United States.  This Court is subject to
the Fifth Amendment Due Process Clause which has been held to
contain an equal protection component substantially similar to
that of the Equal Protection Clause of the Fourteenth Amendment.
In light of Mr. Thomas' status as a pro se litigant and the
similarity of the protections afforded by the Fifth and
Fourteenth Amendments, the Court will consider his due process
and equal protection arguments.

Although Mr. Thomas does not identify the precise nature of
the due process and equal protection violations arising from the
Court's refusal to provide him with photocopies, his argument
appears to encompass his fundamental right of access to the
courts.  See Bounds v. Smith, 430 U.S. 817 (1977).  Among the
constitutional bases for the right of access to courts are the
Fifth Amendment Due Process Clause and the Fourteenth Amendment
Equal Protection Clause.  See Christopher v. Harbury, 536 U.S.
403, 415 n.12 (2002)(internal citations omitted).

A prisoner's access to the courts must be adequate,
effective and meaningful.  Yarborough v. Garrett, 579 F.Supp. 2d
856, 869 (E.D. Mich. 2008)(citing Bounds).  There is no
constitutional requirement, however, that a prisoner be provided
with free copies.  See Fazzini v. Gluch, 875 F.2d 863 (table),
1989 WL 54125 at *2 (6th Cir. May 23, 1989)(access to law library
or assistance of legally trained personnel all that is required);
Dugar v. Coughlin, 613 F.Supp. 849, 854 (S.D.N.Y. 1985)(right of
access to courts not unconstitutionally infringed by reasonable
charges for copying).  Assuming that such a right exists, the
prisoner would need to show that he was prejudiced by the denial
of free copies in order to state a claim for denial of meaningful
access to the courts.  See Pilgrim v. Littlefield, 92 F.3d 413,

416 (6th Cir. 1996).

Mr. Thomas presumably requested copies of his complaint for the Court and the defendants in order to effect service of process. The United States Marshal, however, sent a copy of the complaint and summons to each defendant by certified mail. An executed return of summons was filed for all defendants except for defendant Collins, who at the time of attempted service was no longer employed by ODRC. The original complaint was filed with the Court on January 29, 2010. The Clerk mailed copies of both the complaint and the order granting Mr. Thomas IFP status to the Office of the Ohio Attorney General on the same day. Under these circumstances, Mr. Thomas has not explained why he still needs a time-stamped copy of the complaint. He simply has not shown that the denial of his motion for adequate copies hindered his ability to proceed with this case. Moreover, the fact that Mr. Thomas apparently has no other need at this time for copies of the complaint renders his concerns for his personal safety moot since he will not have to turn over his statement of claims to any of the defendants for photocopying.

For the reasons stated above, the Court determines that the order denying Mr. Thomas' motions for copies of the complaint is neither clearly erroneous nor contrary to law. The motion for reconsideration of that order will therefore be denied.

### III. Motion for Default Judgment

On March 26, 2010, Mr. Thomas filed a motion for default judgment for the monetary relief sought in his complaint, as well as for relief against the defendants in their official capacity. Mr. Thomas states that more than forty-five days have passed since the defendants were served with a copy of the complaint and summons. Mr. Thomas did not show by affidavit the failure of the defendants to plead or otherwise defend during this time frame and did not request the clerk to enter default. See Fed.R.Civ.P. 55(a). The docket itself, however, reflects that defendants Croft, Free, Knab, Good, Smith, and Shoemaker have not answered

the complaint or filed a motion pursuant to Fed.R.Civ.P. 12.
These defendants instead filed a "Waiver of Reply and Reservation
of Affirmative Defenses" on March 4, 2010, in which they also ask
the Court to screen the complaint pursuant to 28 U.S.C. §1915A(b)
and 28 U.S.C. §1915(e)(2), as amended by the Prison Litigation
Reform Act.

   The defendants' waiver of reply is based on a provision of
the PLRA codified at 42 U.S.C. §1997e(g).  This provision allows
a defendant in a prisoner suit not to answer the complaint unless
ordered by the court to do so.  The court may require any
defendant to reply to such action if it finds that the plaintiff
has a reasonable chance of prevailing on the merits.  A waiver of
reply does not constitute an admission to the allegations set
forth in the complaint, and no relief may be granted to the
plaintiff unless the defendant has filed a reply.

   It is the practice of this Court to screen all prisoner
civil rights actions as soon as the complaint is docketed.  If
the complaint appears to be frivolous, fails to state a claim
upon which relief can be granted, or seeks monetary relief
against a defendant who is immune to such relief, the Magistrate
Judge recommends that the action be dismissed <u>sua</u> <u>sponte</u> pursuant
to 28 U.S.C. §1915A(b).  Absent such a recommendation, the Court
issues an order directing the plaintiff or the United States
Marshal to serve each named defendant with summons and a copy of
the complaint, and setting a date for the defendants to answer.

   In this case, the Court issued an order granting Mr. Thomas'
application to prosecute this action without prepayment of costs
and ordering the Marshal to serve a copy of the complaint and
summons on each defendant.  Summonses were issued at that time
for defendants Collins, Croft, Free, Good, Knab, Shoemaker, and
Smith.  All named defendants at that time, except for defendant
Collins, received summons and their copies of the complaint on
February 5, 2010.  Ernie Moore was added as a defendant in an
amended complaint and served on March 16, 2010.  He filed his own

Waiver of Reply and Reservation of Affirmative Defenses on April 6, 2010.

The docket does not reflect that defendant Collins was ever served. A party has no duty to plead or otherwise defend until he is properly served. See Fisher v. Lynch, 531 F.Supp.2d 1253, 1269 n.12 (D. Kan. 2008). Defendant Collins is, therefore, not in default. See Fed.R.Civ.P. 55(a). Because defendant Moore is not required to serve his answer to the amended complaint until April 30, 2010, he also would not be in default at this time even had he not already filed his waiver of reply. With respect to the remaining defendants, Mr. Thomas' motion for default judgment must be denied because he did not first seek an entry of default from the Clerk of this Court. See Heard v. Caruso, 351 Fed.Appx. 1, 15-16 (6th Cir. 2009). For all of the above reasons, Mr. Thomas' motion for default judgment will be denied. However, because the Court did screen the complaint and order service to be made, those defendants shall answer or otherwise assert their defenses within fourteen days.

### IV. Disposition

Based on the foregoing reasons, the Court overrules Mr. Thomas' objections (#23) and adopts the Report and Recommendation (#21) in its entirety. The motions for preliminary injunction (#2 and #12) are denied. The Court also denies Mr. Thomas' motions for reconsideration (#24) and for default judgment (#29). The defendants who have appeared in this action shall answer or otherwise respond to the complaint within fourteen days of the date of this Opinion and Order.

/s/ George C. Smith
George C. Smith
United States District Judge