IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

James Thomas,                           :

          Plaintiff,          :    Case No. 2:10-cv-74

   v.                                   :    JUDGE SMITH

Gary R. Croft, et al.,                  :

          Defendants.        :


<u>ORDER</u>

On June 9, 2010, the Magistrate Judge issued a Report and
Recommendation which proposes that plaintiff James Thomas' motion
to strike portions of defendants' answer be denied.  In his
motion, Mr. Thomas requests that the defenses of failure to state
a claim upon which relief can be granted and failure to exhaust
administrative remedies be stricken from the answer as legally
insufficient.  He also asks the Court to strike, as scandalous,
that portion of the first defense which refers to the alleged
involvement of two corrections officers in an incident with the
plaintiff.  Lastly, he moves to strike the conclusion to
defendants' answer which prays for the dismissal of his complaint
with prejudice.

Mr. Thomas timely objected in part to the Report and
Recommendation.  In his objection, he maintains that there is no
question of law or fact which would allow the defenses of failure
to state a claim and failure to exhaust administrative remedies
to succeed.  For the following reasons, the Court will overrule
plaintiff's objection and adopt the Report and Recommendation in
its entirety.


<u>Standard of Review</u>

When objections are received to a report and recommendation

on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition which has been properly objected to." Fed. R. Civ. P. 72(b)(3).  After review, the District Judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions."  Id.; see also 28 U.S.C. §636(b)(1).

Analysis

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to strike from an answer or other pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The remedy is a drastic one and should be resorted to "only where the pleading to be stricken bears no possible relationship to the controversy."  Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir.1953).

Mr. Thomas does not specifically object to the Magistrate Judge's recommended disposition of the motion to strike insofar as the references to the two corrections officers and the conclusion are concerned.  The Court therefore is not required to conduct a de novo review of those aspects of the Report and Recommendation.  With respect to the findings made by the Magistrate Judge regarding the defendants' first defense and the final paragraph of their answer, the Court is satisfied that no clear error appears on the face of the record.  See Advisory Committee Notes to 1983 Amendment of Fed.R.Civ.P. 72; Thomas v. Arn, 474 U.S. 140, 150 (1985)("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to the magistrate's report.").

The Court has conducted a de novo review of that part of the Report and Recommendation which found no basis for striking the defenses of failure to state a claim and failure to exhaust administrative remedies.  Having undertaken this analysis, the

-2-

Court concludes that the inclusion of a failure-to-state-a-claim defense in an answer is a routine practice which should rarely, if ever, be stricken as legally insufficient.  New York v. Almy Bros., Inc., 971 F.Supp. 69, 72 (N.D.N.Y.1997).

     With respect to the other affirmative defense, the Prison Litigation Reform Act requires an inmate to exhaust all available administrative remedies before he commences a lawsuit challenging the conditions of his confinement.  See Porter v. Nussle, 534 U.S. 516 (2002); Woodford v. Ngo, 548 U.S. 81 (2006).  Mr. Carter claims to have exhausted his administrative remedies, but it is apparent that defendants contest this assertion.  While the defendants have the burden of proof on this issue, see Jones v. Bock, 549 U.S. 199 (2007), "the Court cannot conclude at this juncture that there is no basis under which the defense could succeed."  United States v. American Elec. Power Service Corp., 218 F.Supp.2d 931, 941 (S.D.Ohio 2002).

     Furthermore, to succeed on a motion to strike an affirmative defense, the plaintiff must demonstrate that he will be prejudiced by the inclusion of the defense.  Connell v. City of New York, 230 F.Supp.2d 432, 438 (S.D.N.Y.2002).  Because Mr. Thomas has not shown any prejudice resulting from defendants' assertion of the defenses in their answer, his motion to strike is not well-taken.

Disposition

     Based on the foregoing reasons, the Court overrules Mr. Thomas' objection (#44) and adopts the Report and Recommendation (#42) in its entirety.  Mr. Thomas' motion to strike (#41) portions of defendants' answer is denied.

                              /s/ George C. Smith
                              George C. Smith
                              United States District Judge