IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

James Thomas,

    Plaintiff,

  v.                               Case No. 2:10-cv-74

Chief Inspector Gary R. Croft,    JUDGE SMITH
et al.,

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, James Thomas, a state prisoner, filed this case under 42 U.S.C. §1983 against a number of employees of the Ohio Department of Rehabilitation and Correction.  The case is before the Court to consider the motions for a temporary restraining order and preliminary injunction filed by Mr. Thomas.  The first motion was filed by Mr. Thomas on September 23, 2010.  The second motion, filed on September 27, 2010, appears to set forth clarifications or corrections to the first motion.  The defendants have responded and Mr. Thomas has filed a reply.  The motions are now ready to decide.

### I.  Background

As this Court has previously discussed, Mr. Thomas' complaint alleges that when, in November, 2009, he attempted to have prison officials recognize his religious accommodation (he is a Seventh-Day Adventist), he was subjected to an unnecessary use of force and taken to segregation on the basis of a false conduct report.  In his current motions, Mr. Thomas states that, while he has been housed in segregation during 2010, he has been denied his First and Fourteenth Amendment rights because he has not been permitted access to more than one newspaper at a time and is not allowed to freely share newspapers with other inmates.

Further, Mr. Thomas contends that he is not entitled to receive through the mail or possess any nude or semi-nude pictures of a female. There is also some indication in his filings that Mr. Thomas believes his grievances with respect to these claims have been denied out of retaliation for filing this lawsuit and that his equal protection rights are being violated.

## II. Legal Standard

The Court is required to weigh four factors in determining whether a party is entitled to a preliminary injunction under Fed. R. Civ. P. 65(a). Those factors are: (1) the likelihood that the party seeking the injunction will succeed on the merits of the claim; (2) the extent to which the party seeking the injunction will be injured unless relief is granted, focusing particularly on the possibility of irreparable injury; (3) whether the injunction, if issued, will cause substantial harm to others; and (4) whether issuance of the injunction is in the public interest. See Washington v. Reno, 35 F.3d 1093 (6th Cir. 1994). No one factor is dispositive. Rather, these four factors must be balanced in determining whether preliminary injunctive relief should issue. In re Delorean Motor Co., 755 F.2d 1223, 1229 (6th Cir. 1985). These same factors are to be considered with respect to a temporary restraining order under Fed. R. Civ. P. 65(b). See, e.g., Northeast Coalition for Homeless and Service Employees Intern. Union, Local 1199 v. Blackwell, 467 F.3d 999 (6th Cir. 2006). With these standards in mind, the Court will determine whether Mr. Thomas is entitled to the relief he is seeking.

## III. Analysis

Initially, the Court notes that the issues raised by Mr. Thomas' motions are unrelated to his lawsuit. As noted above, his complaint alleges the unnecessary use of force relating to

events in 2009.  The focus of his motions, on the other hand, relate to Mr. Thomas' much more recent inability to possess either multiple newspapers at a time or certain photographs while housed in segregation.  This lack of connection between Mr. Thomas' complaint and his motion is sufficient to preclude injunctive relief.  It is generally required that, in order to prevail on a motion for preliminary injunction, "'the moving party [] establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.'" Moody v. Bell, Case No. 1:08-cv-796, 2009 WL 3011505, at *4 (S. D. Ohio June 26, 2009); see also Atakpu v Lawson, Case No. 1:05-cv-524, 2006 WL 3803193, at *1-2 (S.D. Ohio Nov. 28, 2006); Thomas v. DeBoer, 2009 WL 4068438, at *2 (W.D. Mich. Nov. 23, 2009).  This is because the purpose of preliminary injunctive relief is "'to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits.'" Id., quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994).  Mr. Thomas's conclusory statement that the denial of his grievances with respect to these issues is retaliation for filing this lawsuit is not enough to make the connection between his complaint and his current motions.  Devose, at 471; see also Jihad v. Fabian, 2010 WL 1780238 at *4 (D. Minn. March 30, 2010); Cincoski v. Richard, 2010 WL 31726 at *3 (E.D. Ark., January 4, 2010).

Further, looking to the merits of the motions, Mr. Thomas has failed to allege any facts or present any evidence supporting injunctive relief.  Specifically, he has not submitted any evidence demonstrating that he has any likelihood of success on the merits.  The only evidence Mr. Thomas submitted were copies of his notification of grievance dated September 2, 2010, and the chief inspector's decision issued September 10, 2010.  To the extent that the Court may consider this evidence, it indicates

that the limitations on his ability to possess multiple newspapers or nude photographs were the result of the application of DRC policy or Special Management Procedures for inmates housed in segregation.  See Doc. #46 at 8.

There is no question that "a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974).  At the same time, prison officials must be accorded "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520 (1979).  However, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89.  The four factors to be considered in making a reasonableness determination include (1) whether the governmental objective underlying the regulation is legitimate and neutral; (2) whether the regulation is rationally related to that objective; (3) whether inmates have alternative means of exercising the right; and (4) the impact that accommodation of the right will have on the prison's inmates and guards.  Turner, at 89-91; Thornburgh v. Abbott, 490 U.S. 401 (1989); Sheets v. Moore, 97 F.3d 164 (6th Cir. 1996).  To the extent that Mr. Thomas has stated a First Amendment claim relating to the possession of newspapers or nude photographs, he has provided no evidence challenging the reasonableness of the DRC's applicable policies.

With respect to his access to newspapers, by his own admission, Mr. Thomas is not denied all access to newspapers but simply is limited to possessing one at a time and prevented from freely sharing them with other prisoners.  With respect to the

possession of nude photographs, the defendants have submitted a copy of the policy relating to the implementation and application of Ohio Admin. Code §5120-9-19 addressed to printed materials. Printed materials under that regulation are defined as "any publication, document or record including but not limited to ... newspapers, magazines, pamphlets, books, photographs, drawings, and prerecorded magnetic audiotapes" but not personal letters or advertising mail.  Ohio Admin. Code §5120-9-19(A)(1).  The policy submitted by the defendants states that "[t]he possession of nude photographs constitutes a threat to the security, order and discipline of our institutions; is disruptive to institutional operations; and is detrimental to the objectives of rehabilitation of inmates.  Therefore, inmates are not permitted to receive nude photographs."

Mr. Thomas has not presented any challenge to the reasonableness of these policies.  Further, the Court notes that the United States Supreme Court has upheld the constitutionality of more restrictive policies than the ones applied to Mr. Thomas. See Beard v. Banks, 548 U.S. 521 (2006)(prison regulation designed to modify behavior by denying prisoners in long-term segregation access to newspapers and personal photographs did not violate inmate's constitutional rights.)  For these reasons, based on the record as it currently stands, the Court cannot conclude that Mr. Thomas has a likelihood of success on the merits with respect to any First Amendment claim.

Finally, to the extent that Mr. Thomas' motions may be construed as asserting claims of retaliation or an equal protection violation, again he has failed to present any evidence that he has a substantial likelihood of success on the merits.  Consequently, Mr. Thomas has not demonstrated that a preliminary injunction is warranted here.  See, e.g., Ratcliff v. Moore, 614 F.Supp.2d 880 (S.D. Ohio 2009).

IV.  Recommended Disposition

For the foregoing reasons, it is recommended that Plaintiff's motions for a temporary restraining order and preliminary injunction (#46 and #47) be DENIED.

Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge