IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

James Thomas,

    Plaintiff,               Case No. 2:10-cv-74

  v.                         JUDGE GEORGE C. SMITH
                             Magistrate Judge Kemp

Chief Inspector Gary R. Croft,
et al.,

    Defendants.

ORDER

On January 26, 2011, the Magistrate Judge entered an order which granted the defendants' motion for extension of time to file a motion for summary judgment and memorandum in opposition to plaintiff James Thomas's summary judgment motion. On February 8, 2011, Mr. Thomas filed an objection to that order.

I.

Fed. R. Civ. P. 72(a) provides that a party must serve and file objections to a Magistrate Judge's order within fourteen days after being served with a copy of the order. Because the Magistrate Judge's order involves nondispositive matters, this Court's reconsideration of the order is governed by the "clearly erroneous or contrary to law " standard of review contained in Rule 72(a). See United States v. Curtis, 237 F.3d 598, 603 (6th Cir. 2001). The "clearly erroneous" standard applies to factual findings made by the Magistrate Judge while legal conclusions are reviewed "under the more lenient 'contrary to law' standard." Gandee v. Glaser, 785 F.Supp. 684, 686 (S.D. Ohio 1992), aff'd, 19 F.3d 1432 (6th Cir. 1994)(table). A finding is "clearly erroneous" only when the reviewing court is left with the definite and firm conviction that a mistake has been made. See In re Search Warrants Issued Aug. 29, 1994, 889 F.Supp. 296, 298 (S.D. Ohio 1995)(citations omitted). A court's review under the "contrary to law" standard is "plenary, ... and it 'may overturn

any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent.'" Gandee, 785 F.Supp. at 686 (citations omitted).  It is with these standards in mind that the Magistrate Judge's order will be reconsidered.

## II.

The defendants filed their motion for extension of time on January 24, 2011.  Mr. Thomas asserts that he was not timely served with a copy of the defendants' motion for extension of time and was thus unable to oppose the request.  Counsel for the defendants acknowledges that he mailed plaintiff's service copy to the Chillicothe Correctional Institute instead of the Lebanon Correctional Institution where Mr. Thomas was actually incarcerated.  Counsel contends, however, that even had he mailed the copy to the correct address, Mr. Thomas still would not have had time to respond before the Magistrate Judge granted the extension on January 26, 2011.  Counsel also points out that, pursuant to S.D. Ohio Rule 7.3, he was not required to consult with Mr. Thomas prior to filing the motion for extension of time.

In deciding to grant the extension of time, the Magistrate Judge implicitly found that the defendants had shown excusable neglect for their failure to file their own motion for summary judgment before expiration of the dispositive motions deadline and to file a timely memorandum in opposition to plaintiff's summary judgment motion.  See Fed. R. Civ. P. 6(b)(1)(B).  This finding was within the Magistrate Judge's broad discretion. Moore v. Fairfield County Sheriff, 127 Fed.Appx. 805 (6th Cir. 2005)(per curiam).  Mr. Thomas has not demonstrated or even alleged that the Magistrate Judge abused his discretion in granting the defendant's request or that plaintiff suffered any resulting prejudice.  There is simply no reason to believe that the Magistrate Judge would have reached a different decision had Mr. Thomas been timely served.  Because Mr. Thomas has not shown

that the order granting the extension was either clearly erroneous or contrary to law, his objection will be overruled.

### III.

In a separate entry dated November 18, 2010, the Magistrate Judge recommended that the plaintiff's motions for a temporary restraining order and preliminary injunction be denied. The Magistrate Judge concluded that the injunctive relief sought by Mr. Thomas was not related to the conduct alleged in his complaint and that he had failed to set forth any facts or evidence which supported such relief. Mr. Thomas did not file objections to this Report and Recommendation. Therefore, the Court will adopt the Report and Recommendation and deny plaintiff's motions for a temporary restraining order and preliminary injunction.

### IV.

Based on the foregoing reasons, the Court OVERRULES Mr. Thomas's objections (doc. 60) to the order granting the defendants' motion for an extension of time. It is further ordered that the Report and Recommendation (doc. 50) issued on November 18, 2011, is hereby ADOPTED and that Mr. Thomas's motions for temporary restraining order and preliminary injunction (doc. 46, 47) are DENIED.

/s/ George C. Smith  
George C. Smith  
United States District Judge