```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

James Thomas,                   :

        Plaintiff,      :   Case No. 2:10-cv-74

  v.                            :   JUDGE GEORGE C. SMITH
                                        Magistrate Judge Kemp
Gary R. Croft, et al.,          :

        Defendants.     :

### ORDER AND REPORT AND RECOMMENDATION

Plaintiff, James Thomas, a state prisoner, filed this case under 42 U.S.C. §1983 against a number of employees of the Ohio Department of Rehabilitation and Correction. The case is before the Court to consider his motions for two to three subpoena forms (#52), for judgment on partial findings (#54), and for summary judgment on his First Amendment free exercise claim (#57). For the following reasons, the Court will deny the motion for subpoena forms and will recommend that the motions for judgment on partial findings and for summary judgment be denied.

### I. The Motion for Subpoena Forms

Mr. Thomas moves the Court for three subpoena forms to be sent to him by and through the United States Postal Service in order to compel the attendance of witnesses at the trial of this matter in accordance with Fed. R. Civ. P. 40. Rule 40 requires that each court must provide by rule for the scheduling of trials. It says nothing, however, concerning the issuance of trial subpoenas. Rather, the issuance and service of subpoenas is governed by Fed. R. Civ. P. 45.

The Court has yet to set a trial date for this case. Any request for subpoenas directed to the Court are therefore premature. For this reason, plaintiff's motion for subpoena forms will be denied.

## II. The Motion for Judgment on Partial Findings

On December 23, 2010, Mr. Thomas filed a motion for judgment on partial findings pursuant to Fed. R. Civ. P. 52(a) and (c). Rule 52(a) requires that, in an action tried on the facts without a jury, a district court separately state its findings of fact and conclusions of law. Rule 52(c) provides:

> If a party has been fully heard on an issue during a non-jury trial and the court finds against the party on that issue, the court may enter judgment against that party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Mr. Thomas seeks judgment on his free exercise claim based on his apparent belief that the Court must find against the defendants on that claim. The defendants have opposed the motion.

The Court will recommend that the motion be denied for several reasons. First, there has been no trial on the facts of this case with or without a jury. Second, because there has been no trial, the defendants have yet to be fully heard on the merits of plaintiff's claim. Third, because both Mr. Thomas and the defendants have demanded a jury, Rule 52 is not an appropriate mechanism for an entry of judgment in this case. See Burrell v. State Farm and Cas. Co., 226 F.Supp.2d 427, 433-34 (S.D.N.Y. 2002).

## III. The Motion for Partial Summary Judgment

On January 6, 2011, Mr. Thomas filed a single-page motion for summary judgment in part on his free exercise claim. He expressly incorporated the statements made in his motion for judgment on partial findings and the documentary evidence attached thereto. The defendants have opposed the motion for partial summary judgment.

### A. Summary Judgment Standard

Summary judgment is not a substitute for a trial when facts

material to the Court's ultimate resolution are in dispute.  It may be rendered only when appropriate evidentiary materials, as described in Fed. R. Civ. P. 56(c), demonstrate the absence of a material factual dispute and that the moving party is entitled to judgment as a matter of law.  Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464 (1962).  The moving party bears the burden of demonstrating that no material facts are in dispute, and the evidence submitted must be viewed in the light most favorable to the nonmoving party.  Adickes v. S. H. Kress & Co., 398 U.S. 144 (1970).  Additionally, the Court must draw all reasonable inferences from that evidence in favor of the nonmoving party.  United States v. Diebold, Inc., 369 U.S. 654 (1962).  The nonmoving party does have the burden, however, after completion of sufficient discovery, to submit evidence in support of any material evidence of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact.  See Celotex Corp. v. Catrett,  477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  Of course, since " a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believe demonstrate the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, the responding party is only required to respond to those issues clearly identified by the moving party as being subject to the motion.  With these standards in mind,  the Court will recommend the disposition of this motion.

### B. Analysis

It is clear that prisoners, simply because of their confinement, are not thereby deprived of the right to follow the teachings of, and engage in the practices of, a religion in which

-3-

the inmate sincerely believes.  See e.g., Bell v. Wolfish, 441 U.S. 520 (1979); Cruz v. Beto, 405 U.S. 319 (1972).  At the same time, however, an inmate's right to practice his or her chosen religion is not as unfettered as that of non-incarcerated members of society.  Rather, as with other constitutional rights enjoyed by inmates, the right to religious freedom must be balanced against, and at times made subservient to, the legitimate interests of penological safety, order, and the corrections process.

In order to demonstrate a violation of the right to religious freedom in the prison setting, a plaintiff must prove the following.  First, the plaintiff must show that the religion in question is, in fact, a religion.  If it is a non-traditional religion, the inmate must show that it "occupies a place in the lives of its members 'parallel to that filled by the orthodox belief in God' in religions more widely accepted in the United States."  Dettmer v. Landon, 799 F.2d 929, 931 (4th Cir. 1986), cert. denied, 483 U.S. 1007 (1987).  Several sub-issues are involved in making that determination, including whether the doctrines of the religion relate to a spiritual aspect of life, whether the religion adheres to belief in a supreme being, whether it has ceremonial worship practices, and whether it has been practiced or recognized for a significant period of time. Id.  The plaintiff must also demonstrate a sincere belief in the tenets of the questioned religion.

If a plaintiff can demonstrate a sincere belief in a recognized or legitimate religion, his right to practice that religion should be accommodated unless it interferes in some fashion with the need for internal order and discipline which is essential to the prison setting.  Thus, the proper test to be applied to whether an institutional denial of the right to engage in certain religious practices or ceremonies is an appropriate

restriction on an inmate's First Amendment rights is once again as follows: whether the restriction is logically related to a legitimate interest in security, whether the inmate is provided with alternative means of exercising his right to pursue the religion in question, the impact of any accommodations of the practice on other inmates, prison personnel, or the allocation of prison resources, and the existence of ready alternatives to the challenged regulation or prohibition. O'Lone v. Estate of Shabazz, 482 U.S. 342 (1987); Turner v. Safley, 482 U.S. 78 (1987).

There is no dispute Mr. Thomas is a Seventh Day Adventist and practiced that faith prior to his incarceration. See Response to Request for Religious Accommodation attached to Complaint (p. 26). The evidentiary materials submitted by Mr. Thomas establish that in 1986 the Chillicothe Correctional Institution implemented certain policies and procedures pertaining to the practice of the Seventh Day Adventist faith. These policies and procedures, inter alia, stipulated that, except in situations of emergency, inmates who are members of the Seventh Day Adventist religion would be relieved of their institutional duties from sunset Friday until sunset Saturday. Another provision allowed Seventh Day Adventist inmates the same right to pork substitutes enjoyed by other inmates with similar religious-based dietary restrictions.

Mr. Thomas has also established that on November 13, 2009, he received a misconduct report from a correctional officer (T. Smith) for failing to report to his institutional work assignment in the kitchen. By his own admission, however, this charge was withdrawn immediately after the chaplain verified that Mr. Thomas was a member of the Seventh Day Adventist faith. Because there are genuine issues of material fact as to whether Officer Smith was aware that plaintiff's religious beliefs conflicted with his

working after sunset on Friday and because it is unclear whether Mr. Thomas was actually denied a religious accommodation, he is not entitled to summary judgment on his free exercise claim.

In addition, Mr. Thomas alleges that on April 23, 2010, he was given Polish sausage for lunch and was not offered a pork substitute. He purportedly sent a piece of the sausage to the Court as evidence in support of his claim. See Doc. 39. Regardless of the evidentiary value of this submission, the Complaint makes no mention of any First Amendment claim arising from defendants' alleged failure to accommodate plaintiff's religious-based dietary restrictions. Summary judgment is therefore inappropriate. See Vetromile v. JPI Partners, LLC, 706 F.Supp.2d 442, 456 (S.D.N.Y. 2010)("A party may not automatically raise a claim at summary judgment that he did not plead").

### IV.  Recommended Disposition and Order

Based on the foregoing, the motion for subpoena forms (#52) is denied. It is further recommended that the motions for judgment on partial findings (#54) and for partial summary judgment (#57) be denied.

### V.  Procedure on Objections

If any party objects to the Report and Recommendation concerning Doc. ##54 and 57, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C.

§636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

If any party objects to the denial of Doc. #52, that party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for  reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

The order with respect to Doc. #52 is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

                                      /s/ Terence P. Kemp
                              United States Magistrate Judge